923 F.2d 848
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cornelius Marcellus JAMES, Plaintiff--Appellant,
v.
Thomas R. ISRAEL, D. Swisher, M.Y. Woods, V. Benson, V.
Stone, Defendants--Appellees.
 No. 89-7124.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 25, 1990.
Decided Jan. 18, 1991.
Rehearing Denied Feb. 19, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CA-88-199-H)
 Cornelius Marcellus James, appellant pro se.
 Richard Francis Gorman, III, Office of the Attorney General, Richmond, Va., for appellees.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before DONALD RUSSELL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this 42 U.S.C. Sec. 1983 action, Cornelius James, a Virginia prisoner, challenged the constitutionality of the procedures used in a disciplinary hearing in which he was found guilty of damaging state property. We find James' argument that he was unconstitutionally denied discovery without merit and affirm the district court's decision with respect to this claim. Further consideration is required, however, of James' claim that the disciplinary committee considered the evidence presented insufficient to support a conviction but nevertheless found him guilty based on evidence fabricated by the committee.
 
 
 2
 In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court held that the Constitution requires that prison authorities prepare a written statement of the evidence and the reasons for their action in cases where a disciplinary hearing may result in an inmate's confinement to solitary or the loss of good time credits. The rationale for this requirement is fairness. Hensley v. Wilson, 850 F.2d 269, 277 (6th Cir.1988). Implicit in the requirement of written findings is the notion that these findings reflect the evidence presented at the hearing. Where, as here, the plaintiff claims under oath that the findings are not based on any evidence presented at the hearing, a genuine issue as to a material fact exists, making summary judgment inappropriate. Fed.R.Civ.P. 56(c); see Helm v. Western Maryland Ry. Co., 838 F.2d 729, 734 (4th Cir.1988).
 
 
 3
 Accordingly, we vacate the district court's grant of summary judgment and remand this claim for further proceedings not inconsistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.